# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY STOOPS, | No. 2:15-CV-2439-WBS-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| JAMES SHELTON, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.

On or about February 14, 2018, mail directed to plaintiff was returned by the United States Postal Service as undeliverable. See Doc. 24 (notice filed by defendants' counsel regarding service of documents on plaintiff at his address of record). Pursuant to Eastern District of California Local Rule 183(b), any party appearing pro se must file and serve a notice of change of address within 63 days of mail being returned. To date, more than 63 days have elapsed since mail was returned and plaintiff has not notified the court of a change of address.

///
///

1

| | |
|---|---|
| 1 | The court must weigh five factors before imposing the harsh sanction of |
| 2 | dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. |
| 3 | U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's |
| 4 | interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) |
| 5 | the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on |
| 6 | their merits; and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran, |
| 7 | 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). A warning that the action may be dismissed as an |
| 8 | appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor. |
| 9 | See Malone, 833 F.2d at 132-33 & n.1. The sanction of dismissal for lack of prosecution is |
| 10 | appropriate where there has been unreasonable delay. See Henderson v. Duncan, 779 F.2d 1421, |
| 11 | 1423 (9th Cir. 1986). Dismissal has also been held to be an appropriate sanction for failure to |
| 12 | inform the district court and parties of a change of address pursuant to local rules. See Carey v. |
| 13 | King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (per curiam). |
| 14 | Having considered these factors, and in light of plaintiff's failure to submit a |
| 15 | notice of change of address, the court finds that dismissal of this action is appropriate. |
| 16 | / / / |
| 17 | / / / |
| 18 | / / / |
| 19 | / / / |
| 20 | / / / |
| 21 | / / / |
| 22 | / / / |
| 23 | / / / |
| 24 | / / / |
| 25 | / / / |
| 26 | / / / |

Based on the foregoing, the undersigned recommends that this action be dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and orders and that all pending motions (Docs. 22 and 23) be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 16, 2018

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE